**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRACY WOODRUFF and ELIZABETH WOODRUFF, | CIVIL ACTION NO. 3:13-mc-510 |
| Petitioners, | |
| v. | (JUDGE CAPUTO) |
| CHESAPEAKE APPALACHIA, LLC, CHESAPEAKE ENERGY CORPORATION, and NOMAC DRILLING, LLC, | |
| Respondents. | |

## MEMORANDUM

Presently before the Court is a Petition to Compel Arbitration ("Petition") filed by Petitioners Tracy Woodruff and Elizabeth Woodruff (Doc. 1). Because the Petition fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Petitioners can show that diversity jurisdiction is proper.

### I. Background

Petitioners filed this Petition on October 23, 2013. Petitioners allege that they reside in the Commonwealth of Pennsylvania. (Doc. 1,¶ 1.) Petitioners seek to compel three (3) Respondents to arbitrate a dispute with them. Petitioners allege that Respondent Chesapeake Appalachia, LLC "is an Oklahoma limited liability company with its headquarters and principal place of business located at 414 Summers Street, Charleston, West Virginia 25301." (Doc. 1, ¶ 2.) Respondent Chesapeake Energy Corporation is named as "a foreign corporation with its headquarters and principal place of business located at 6100 North Western Avenue, Oklahoma City, Oklahoma 73128." (Doc. 1, ¶ 3.) Finally, Petitioners allege that Respondent Nomac Drilling, LLC "is an Oklahoma limited liability company subsidiary of Chesapeake Energy Corporation with its headquarters and

principal place of business located at 6100 North Western Avenue, Oklahoma City, Oklahoma 73128." (Doc. 1, ¶ 4.)

## II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. 28 U.S.C. §1332(a)(1). In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed. R. Civ. P. 12(h)(3).

### A. Limited Liability Company Defendant

In this case, the Petition fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the limited liability companies. The Petition alleges that Respondent Chesapeake Appalachia, LLC "is an Oklahoma limited liability company with its headquarters and principal place of business

2

located at 414 Summers Street, Charleston, West Virginia 25301." (Doc. 1, ¶ 2.) The Petition also alleges that Respondent Nomac Drilling, LLC "is an Oklahoma limited liability company subsidiary of Chesapeake Energy Corporation with its headquarters and principal place of business located at 6100 North Western Avenue, Oklahoma City, Oklahoma 73128." (Doc. 1, ¶ 4.)

"The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.")

Here, the Petition fails to allege facts regarding the citizenship of the members of Chesapeake Appalachia, LLC as well as Nomac Drilling, LLC. As such, the Court cannot determine that diversity jurisdiction applies to this entity.

### B.  Plaintiffs

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

Although the Petition alleges that the Petitioners are residents the Commonwealth of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not

3

establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Petitioners must allege their states of citizenship, not merely of residence. As the Petition does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Petitioners have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Petitioners will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Petitioners will be given twenty-one (21) days in which to file a newly-amended petition. Failure to do so will result in this action being dismissed. An appropriate order follows.


 November 25, 2013                                      /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                  United States District Judge